IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

CITIMORTGAGE, INC.,

        Plaintiff

        v.

VIRGENMINA CARTAGENA-CRESPO
a/k/a VIRGEN MARÍA
CARTAGENA-CRESPO,

        Defendant

CIVIL NO. 08-2201 (JP)

### DEFAULT JUDGMENT

The Court has before it Plaintiff's motion for default judgment (**No. 7**) against Defendant Virgenmina Cartagena-Crespo ("Defendant"). The motion is **GRANTED.** Upon Plaintiff's motion for judgment, and it appearing from the records of the above-entitled case that default was entered by the Clerk of this Court against Defendant on December 19, 2008 (No. 6), for her failure to plead or file an answer to the Complaint or otherwise appear in the above cause, Plaintiff is entitled to a judgment by default.

## I.   INTRODUCTION AND FINDINGS OF FACT

1.   On April 29, 2005, Defendant subscribed a mortgage note payable to the order of First Equity Mortgage Bankers, Inc., by deed Number 99 before Notary Public Javier A. Feliciano-Guzmán in San Juan, Puerto Rico, over the following real property:

    **--- URBANA: Solar radicado en el Barrio Florida de San Lorenzo, Puerto Rico, en la URBANIZACIÓN CIUDAD MASSÓ, que**

CIVIL NO. 08-2201 (JP)          -2-

**se describe en el Plano de Inscripción de dicha Urbanización, con el Número SIETE (7) del Bloque "A" guión dos (A-2), con una cabida superficial de trescientos cincuenta y uno (351.00) metros cuadrados. En lindes: por el NORTE, en veinticinco (25.00) metros, con el Lote número ocho (#8) del Bloque "A" guión dos (A-2); por el SUR, en veinticinco (25.00) metros, con el Lote número seis (#6) del Bloque "A" guión dos (A-2); por el ESTE, en catorce punto cero cuatro (14.04) metros, con área verde; y por el OESTE, en catorce punto cero cuatro (14.04) metros, con la Calle número dos guión dos guión "A" (#2-2-A). Enclava una casa de una sola planta de concreto reforzado y bloques de concreto para fines residenciales.**

**---Inscrita al Folio 145 del Tomo 225 de San Lorenzo, Registro de la Propiedad de Puerto Rico, Sección Segunda de Caguas, Finca 11,770.**

2.   On December 7, 2007, CitiMortgage, Inc. ("Plaintiff"), and Defendant made a Loan Modification Agreement stating that Defendant owed Plaintiff the principal sum of $92,208.43.

3.   Said modification was constituted by Deed number 67, executed in San Juan, Puerto Rico, on December 7, 2007, before Notary Public Delmarie Christine Broco-Medina, due on May 1, 2034 and presented for recording at Entry 1446 of Journal 639 of San Lorenzo, Section Second of Caguas, Property number 11,770.

4.   Defendant, owner of record the aforesaid property, has failed to comply with the terms and conditions of the mortgage contract and has refused to pay the stipulated monthly installments, in spite of Plaintiff's demands and collection efforts.

5.   Defendant's indebtedness with Plaintiff is:

a)   $91,456.06 of aggregate principal;

CIVIL NO. 08-2201 (JP)          -3-

b)   $5,868.38 of interest accrued as of June 1, 2009, and thereafter until its full and total payment, which amount increases at the daily rate of $13.7811;

c)   Costs, charges, disbursements, and attorneys' fees in the amount of $8,820.00, plus expenses and advances made by Plaintiff.

## II.   ORDERS

**IT IS HEREBY ORDERED:**

6.   Defendant, as debtor of the amounts prayed for in the Complaint, is hereby **ORDERED** to pay unto Plaintiff the amounts specified and set forth in the preceding paragraph, paragraph five.

7.   In default of the payment of the sums herein specified or of any part thereof within the ten days from the date of entry of this Judgment, said property shall be sold by a Special Master at a public auction to the highest bidder thereof, without an appraisement or right of redemption for the payment and satisfaction of Plaintiff's mortgage within the limits secured thereby.

8.   The Special Master shall make the sale mentioned herein in accordance with 28 U.S.C. Sections 2001 and 2002 and the applicable provisions of the Commonwealth of Puerto Rico Mortgage Law.   The notice of sale shall be published in a newspaper of general circulation once a week during four consecutive weeks.   The amount of $88,200.00 shall serve as the minimum bid for the first public sale.   Should the first public sale fail to produce an award or

CIVIL NO. 08-2201 (JP)          -4-

adjudication, two-thirds of the aforementioned amount shall serve as the minimum bid for the second public sale. Should there be no award or adjudication at the second public sale, the basis for the third sale shall be one-half of the amount specified as minimum bid for the first public sale. The Special Master shall proceed to issue the corresponding notice of sale to be published in a newspaper of general circulation without the need of further orders or writs from this Court. Such sale shall be subject to the confirmation of this Court. Upon confirmation, the Special Master shall execute the corresponding deed of judicial sale to the purchaser and he shall be entitled to the delivery of the property sold and its physical possession, in accordance with law. Said possession may be obtained through eviction of the occupant of the property without the need of further order of this Court if executed within sixty days from the confirmation of the public sale.

     9. Any funds derived from the sale to be made in accordance with the terms of this Judgment and such further orders of this Court shall be applied as follows:

          a) To the payment of all proper expenses and advances made by Plaintiff attendant upon said sale, not to exceed $8,820.00;

          b) To the payments of that part of the indebtedness owed to Plaintiff in the same order and for the amounts specified, and set forth in paragraph five;

CIVIL NO. 08-2201 (JP)          -5-

c)   If after making the above payments there shall be surplus, said surplus shall be delivered to the Clerk of this Court, subject to further orders of the Court.

10.  The Property Registrar of the corresponding Property Registry of Puerto Rico shall proceed to the recording of the judicial sale deed in favor of the purchaser, free of any liens subsequent to the date of the execution of the foreclosed mortgage.

11.  Plaintiff in these proceedings may apply to this Court for such further orders as it may deem advisable to its interest in accordance with the terms of this Judgment and the Clerk shall proceed to issue of course all necessary writs to enforce and execute the same.  Fed. R. Civ. P. 77(a).

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 16th day of June, 2009.

s/Jaime Pieras, Jr.
JAIME PIERAS, JR.
U.S. SENIOR DISTRICT JUDGE